**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6970**

DAVID MEYERS,

Plaintiff - Appellant,

v.

M.L. BASS, Supervisor Deputy Warden; T. STUDIVANT, Correctional Officer; M. ROBINSON, Sergeant,

Defendants - Appellees.

**No. 19-6974**

DAVID MEYERS,

Plaintiff - Appellant,

v.

CITY OF PETERSBURG, City Treasurer; RAY E. RICHARDSON, Detective; B.B. RHODES, Magistrate; CASSANDRA BURNS, Attorney of Commonwealth,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:95-cv-00774-RGD; 2:03-cv-00248-RGD-TEM)

Submitted:  August 14, 2019                    Decided:  August 26, 2019

―――――――――――

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

―――――――――――

Dismissed by unpublished per curiam opinion.

―――――――――――

David Meyers, Appellant Pro Se.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, David Meyers, a Virginia inmate and three-striker, has filed a consolidated notice of appeal, but did not designate the orders he seeks to appeal. We dismiss these appeals for lack of jurisdiction.

Pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally, "asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Smith v. Barry,* 502 U.S. 244, 248 (1992). In his one-page consolidated notice of appeal, Meyers failed to specify the orders being appealed. Accordingly, we lack jurisdiction.

Moreover, parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, or 60 days if the United States or its officer or agency is a party. Fed. R. App. P. 4(a)(1)(A), (B). The district court may extend the appeal period under Fed. R. App. P. 4(a)(5), or reopen the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Meyers' notice is not timely as to any order, nor did the district court reopen or extend the appeal period.

Because Meyers fails to specify the orders being appealed, we dismiss the appeals for lack of jurisdiction. We also deny as moot Meyers' motions for leave to proceed on appeal without prepayment of fees under the Prison Litigation Reform Act. We dispense

3

with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED